IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50593
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUDLEY EDWARD VANDERGRIFF,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
USDC No. P-97-CR-66-ALL

_____
June 7, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dudley Edward Vandergriff appeals from his conditional nolo contendere plea conviction and resultant sentence for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). He argues that the district court erred by denying his motion to suppress and by refusing to grant him a three-level reduction in his offense level pursuant to U.S.S.G. § 3E1.1 for his acceptance of responsibility. We have reviewed the record and find no reversible

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  Based upon the facts known to authorities, probable cause existed for the arrest of the occupants of the Oldsmobile that was traveling with the Suburban.  Thus, the district court did not err by denying Vandergriff's motion to suppress.  See <u>United States v. Tellez</u>, 11 F.3d 530, 532 (5th Cir. 1993).  Further, based upon Vandergriff's continued denial of certain facts and elements of the offense, the district court did not clearly err by denying his request for a reduction in his offense level for acceptance of responsibility.  See <u>United States v. Harlan</u>, 35 F.3d 176, 181 (5th Cir. 1994).  Accordingly, the judgment of the district court is

A F F I R M E D.